PETER J. HORTON, SBN 227678
peter@protectionlawgroup.com
SHADI SAHEBGHALAM, SBN 343403
shadi@protectionlawgroup.com
PAVEL RUKAVISHNIKOV, SBN 357588
pavel@protectionlawgroup.com
**PROTECTION LAW GROUP, LLP**
149 Sheldon Street
El Segundo, California 90245
Telephone: (424) 290-3095
Facsimile: (866) 264-7880

Attorneys for Plaintiff
MARQUAISES ROYAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARQUAISES ROYAL, individually and on behalf of others similarly situated,

Plaintiff,

vs.

FLOWERS BAKERIES SALES OF SOCAL, LLC, a California limited liability company; FLOWERS BAKERIES SALES OF NORCAL, LLC, a California limited liability company; FLOWERS BAKERIES SALES OF DESERT SOUTHWEST, LLC, an Arizona limited liability company; FLOWERS BAKERIES LLC, a Georgia limited liability company; FLOWERS BAKERIES BRANDS, INC., a Delaware corporation; FLOWERS BAKERIES BRANDS, LLC, a Delaware limited liability company; FLOWERS FOODS, INC., a Georgia corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 5:25-cv-01829-ODW-SP

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

**(1) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**
**(2) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)**
**(3) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums)**
**(4) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages)**
**(5) Violation of Cal. Labor Code §§ 201, 202, and 203 (Final Wages Not Timely Paid)**
**(6) Violation of Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**
**(7) Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements)**
**(8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**
**(9) Violation of Cal. Business & Professions Code § 17200, et seq.**

Plaintiff MARQUAISES ROYAL ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants FLOWERS BAKERIES SALES OF SOCAL, LLC; FLOWERS BAKERIES SALES OF NORCAL, LLC; FLOWERS BAKERIES SALES OF DESERT SOUTHWEST, LLC; FLOWERS BAKERIES LLC; FLOWERS BAKERIES BRANDS, INC.; FLOWERS BAKERIES BRANDS, LLC; FLOWERS FOODS, INC.; and DOES 1 THROUGH 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate wage statements, failure to maintain accurate time and payroll records, failure to reimburse necessary business-related expenses.

2. Plaintiff's First through Ninth Causes of Action are brought as a class action on behalf of himself and similarly situated current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," as defined more fully in paragraph 18, below) pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

3. The Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

4. This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or

otherwise intentionally avail themselves of the California market to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

5. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, County of Riverside.

## **PARTIES**

6. Plaintiff MARQUAISES ROYAL is an individual residing in the County of Riverside, State of California.

7. Defendant FLOWERS BAKERIES SALES OF SOCAL, LLC, is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California and registered to do business in the State of California.

8. Defendant FLOWERS BAKERIES SALES OF NORCAL, LLC, is and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California and registered to do business in the State of California.

9. Defendant FLOWERS BAKERIES SALES OF DESERT SOUTHWEST, LLC, is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Arizona and registered to do business in the State of California.

10. Defendant FLOWERS BAKERIES LLC, is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Georgia and registered to do business in the State of California.

11. Defendant FLOWERS BAKERIES BRANDS, INC., is and at all times mentioned herein, was a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in the State of California.

12. Defendant FLOWERS BAKERIES BRANDS, LLC, is and at all times mentioned herein, was a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in the State of California.

13. Defendant FLOWERS FOODS, INC., is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Georgia and registered to do business in the State of California.

14. Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. The Doe defendants may be individuals, partnerships, or corporations. Plaintiff is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times mentioned acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by its conduct. FLOWERS BAKERIES SALES OF SOCAL, LLC; FLOWERS BAKERIES SALES OF NORCAL, LLC; FLOWERS BAKERIES SALES OF DESERT SOUTHWEST, LLC; FLOWERS BAKERIES LLC; FLOWERS BAKERIES BRANDS, INC.; FLOWERS BAKERIES BRANDS, LLC; FLOWERS FOODS, INC.; and Doe Defendants 1 through 50 are collectively referred to herein as "Defendants."

15. Defendants are and at all times herein mentioned were (a) conducting business in the County of Riverside, State of California, and (b) the employer of Plaintiff consistent with the California Labor Code and Industrial Welfare Commission Wage Orders ("Wage Orders").

16. Plaintiff further alleges that Defendants, directly or indirectly, controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff, the Class, to make each of said Defendants employers and employers jointly liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings the First through Ninth Causes of Action as a class action on his

behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

18. The proposed class is defined as follows: All current and former non-exempt employees of any of the Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified class action is provided to the class (hereinafter referred to as the "Class" or "Class Members.").

19. Plaintiff reserves the right to establish other subclasses as appropriate.

20. The Class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The Class Members are so numerous that joinder of all Class Members is impracticable. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be over fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other Class Members demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other Class Members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, which have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. Superiority: A class action is superior to other available methods for the fair and

efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often hesitant to assert their rights due to fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint with anonymity, allowing for the vindication of their rights.

21. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the Class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b. Whether Defendants had a corporate policy and practice of failing to pay Plaintiff and the other Class Members for all hours worked, and missed, short, late, or interrupted meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other Class Members to work more than eight (8) hours per day and/or more than forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class Members;

d. Whether Defendants deprived Plaintiff and the other Class Members of meal and/or rest periods or required Plaintiff and the other Class Members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay meal period premium wages to Class Members when they were not provided with a legally compliant meal period;

f. Whether Defendants failed to pay rest period premium wages to Class Members when they were not authorized and permitted to take legally compliant rest

periods;

g. Whether Defendants failed to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

h. Whether Defendants failed to pay Plaintiff and the other Class Members the required minimum wage pursuant to California law;

i. Whether Defendants failed to pay Plaintiff and the other Class Members proper overtime compensation pursuant to California law;

j. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the time required upon their discharge or resignation from employment;

k. Whether Defendants failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs in violation of California Labor Code section 2802;

l. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

m. Whether Defendants complied with wage reporting as required by the California Labor Code, including section 226;

n. Whether Defendants' conduct was with malice, fraud, or oppression;

o. Whether Defendants' conduct was willful or reckless;

p. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*., based on their improper withholding of compensation and deduction of wages;

q. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

r. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

/ / /

## GENERAL ALLEGATIONS

22. Defendants are a bakery goods manufacturer.

23. Defendants employed Plaintiff to work as a Route Sales Operator from approximately October 7, 2024, to approximately May 2025. Plaintiff's job duties have included, but have not been limited to, separating and organizing bread, loading and unloading bread deliveries, organizing "Go back's," and completing paperwork regarding the bread deliveries. He was paid weekly at a rate of approximately $16.50 per hour and typically worked five days per workweek.

24. At all relevant times set forth herein, Defendants employed Plaintiff and the Class as hourly-paid or non-exempt employees.

25. Throughout the time period involved in this case, Defendants had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class.

26. At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

27. Plaintiff is informed and believes and thereon alleges that Defendants engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. As set forth in more detail below, this scheme involved, *inter alia*, regularly requiring Plaintiff and the Class to work off the clock without compensation, thereby failing to pay them for all hours worked, including minimum and overtime wages. Defendants also implemented policies that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting in a failure to pay Plaintiff and the Class all wages owed. In addition, Defendants routinely failed to permit Plaintiff and the Class to take timely and duty-free meal periods and rest periods in violation of California law. Defendants also failed to reimburse Plaintiff and the Class for all necessary business-related expenses.

28. Throughout the time period involved in this case, Defendants have implemented

policies and practices that failed to provide Plaintiff and the Class with timely and duty-free meal periods. Defendants routinely failed to relieve Plaintiff and the Class of all duties during their meal periods, regularly failed to relinquish control over Plaintiff and the Class during their meal periods, regularly failed to permit Plaintiff and the Class a reasonable opportunity to take their meal periods, and regularly impeded or discouraged Plaintiff and the Class from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work and/or from taking a second thirty (30) minute uninterrupted meal break no later than their tenth hour of work for shifts lasting more than ten (10) hours. Defendants also failed to maintain accurate records of meal periods taken by Plaintiff and the Class.

29. For instance, Mr. Royal regularly worked 10- to 12-hour shifts prior to his injury on December 16, 2024, continued working similar hours for approximately six weeks after the injury, and then began working 16- to 17-hour shifts. During these periods, he frequently missed his first, second, and third meal breaks due to workload, chronic understaffing, and the need to travel from the warehouse to various store locations and between stores. In these instances, management often manipulated the time records to make the meal periods appear compliant by adjusting the recorded meal times. On average, Mr. Royal missed at least 3 to 5 meal periods per week. Additionally, his meal breaks were regularly interrupted by supervisors or cut short due to pressure to complete work assignments. When he did not clock out for a meal period, he submitted missed punch forms; however, supervisors adjusted the recorded times to give the appearance of compliance, despite unclear or inconsistent tracking.

30. Throughout the time period involved in this case, therefore, Defendants did not adequately inform Plaintiff and the Class of their right to take meal periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of meal periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way that prohibited them from taking timely and duty-free meal periods, and to require Plaintiff and the Class to work through their meal periods, for which they were not compensated.

31. Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for meal periods that were missed, late, interrupted, or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed, short, late, and/or interrupted. Notwithstanding this knowledge, Defendants routinely failed to provide legally compliant meal periods to Plaintiff and the Class and routinely failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a meal period was missed, short, late, and/or interrupted.

32. Throughout the time period involved in this case, Defendants have implemented policies and practices that prohibited Plaintiff and the Class from taking timely and duty-free rest periods. Defendants regularly failed to provide, authorize, and permit Plaintiff and the Class to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period. For instance, Mr. Royal regularly worked 10- to 12-hour shifts prior to his injury on December 16, 2024, continued working similar hours for approximately six weeks after the injury, and then began working 16- to 17-hour shifts. Plaintiff did not have his rest periods during all his different shifts because company never communicated any rest break policy, breaks were not provided during the initial training period, and due to the demanding nature of the job and consistently being too busy to step away.

33. Throughout the time period involved in this case, Defendants did not adequately inform Plaintiff and the Class of their right to take rest periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of rest periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way that regularly prohibited them from taking timely and duty free rest periods, and to regularly require Plaintiff and the Class to work through their rest periods.

34. Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for rest periods that were missed, late, interrupted, and/or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed, short, late, and/or interrupted. Notwithstanding this knowledge, Defendants routinely failed to authorize and permit Plaintiff and the Class to take duty-free rest periods and failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a rest period was missed, short, late, and/or interrupted.

35. Throughout the time period involved in this case, Defendants regularly required Plaintiff and the Class to perform work off the clock. Although Defendants prohibited overtime, Defendants still regularly required that Plaintiff and the Class complete all of their assigned duties. To do so, Plaintiff and the Class were regularly required to perform work off the clock for which they were not compensated. For example, prior to his injury on December 16, 2024, Plaintiff regularly worked 10- to 12-hour shifts during his initial training period. His manager at that time, Roderick Freeman, would edit time records, and Plaintiff received separate checks to cover unpaid overtime; however, the overtime was not properly compensated during that period. Following his injury on December 16, 2024, Plaintiff continued working under the same schedule for approximately six weeks. Thereafter, he began working 16–17 hours per day, but his second manager, Mark, explicitly prohibited him from clocking out after the 14th hour. As a result, Plaintiff routinely performed off-the-clock overtime work beyond the 14th hour, including tasks such as unloading trucks, completing paperwork, and finishing assigned routes. Additionally, Plaintiff was not properly compensated at the correct rate for the overtime hours he worked up to the 14th hour.

36. Throughout the time period involved in this case, Defendants implemented policies that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting in a failure to pay Plaintiff and the Class all wages owed. Plaintiff's manager, Roderick Freeman, directly edited Plaintiff's time records, and manager Mark prohibited Plaintiff from remaining on

the clock after the 14th hour of work, as described above.

37. Throughout the time period involved in this case, Plaintiff and the Class worked more than eight (8) hours in a day, and/or forty (40) hours in a week.

38. Throughout the time period involved in this case, Defendants regularly failed to pay all overtime compensation owed to Plaintiff and the Class when they worked in excess of eight (8) hours in a single work day and/or forty (40) hours in a single work week, or in excess of twelve (12) hours in a single work day and/or eighty (80) hours in a single work week. Defendants knew or should have known that Plaintiff and the Class were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

39. Throughout the time period involved in this case, Defendants failed to pay overtime to Plaintiff and the Class for all overtime hours worked based on regular rates of pay correctly calculated to include all applicable remuneration.

40. Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class at least minimum wages for all hours worked. For example, prior to his injury on December 16, 2024, Plaintiff regularly worked 10- to 12-hour shifts during his initial training period. His manager at that time, Roderick Freeman, would edit time records, and Plaintiff received separate checks to cover unpaid overtime; however, the actual time worked was not properly compensated during that period. Following his injury on December 16, 2024, Plaintiff continued working under the same schedule for approximately six weeks. Thereafter, he began working 16–17 hours per day, but his second manager, Mark, explicitly prohibited him from clocking out after the 14th hour. As a result, Plaintiff routinely performed off-the-clock work beyond the 14th hour, including tasks such as unloading trucks, completing paperwork, and finishing assigned routes. Defendants knew or should have known that Plaintiff and the Class were entitled to receive at least minimum wages for all hours worked and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, failing to pay Plaintiff and the Class at the required minimum wage pursuant to California law, requiring Plaintiff and the Class to perform work off the clock.

41. Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages owed to them upon discharge or resignation. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them upon termination within the time permissible under California Labor Code section 202. Plaintiff and the Class did not receive payment of all final wages owed to them upon discharge or resignation, including overtime compensation and minimum wages within any time permissible under California Labor Code section 202.

42. Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them during their employment, such as overtime with the correct rate, off-the-clock, meal, and rest periods premiums for missed breaks. Plaintiff and the Class did not receive payment of all these wages, including overtime compensation, off-the-clock, minimum wages, meal, and rest period premiums for missed breaks, which were due every week as a result of Defendant's violations.

43. Throughout the time period involved in this case, Defendants regularly failed to provide complete or accurate wage statements to Plaintiff and the Class. Defendants knew or should have known that Plaintiff and the Class were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked, the actual gross wages earned, the correct rates of pay, the correct name and address of Defendants, and all applicable hourly rates.

44. Throughout the time period involved in this case, Defendants regularly failed to keep complete or accurate payroll records for Plaintiff and the Class. Defendants knew or should have known that Defendants were required to keep complete and accurate payroll records for Plaintiff and the Class in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

45. Throughout the time period involved in this case, Defendants regularly failed to maintain accurate records relating to Plaintiff's and the Class's work periods, meal periods, total daily hours, hours per pay period, and applicable pay rates.

46. Throughout the time period involved in this case, Defendants failed to reimburse Plaintiff and the Class for all necessary business-related expenses, including but not limited to personal cell phone used for work-related communications with supervisors, who reached him through his personal cell phone. Defendants knew or should have known that Defendants were required to reimburse Plaintiff and the Class for all necessary business-related expenses and costs, but, in fact, failed to do so in violation of California law.

47. Throughout the time period involved in this case, Defendants knew or should have known that they had a duty to compensate Plaintiff and the Class pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the Class that they paid all wages owed to them, all in order to increase Defendants' profits.

48. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against All Defendants)**

49. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

50. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

51. Specifically, the applicable IWC Wage Order provides that Defendants are and

were required to pay Plaintiff and the other Class Members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

52. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the Class overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and for all hours worked in excess of eight (8) hours on the seventh day of work in a workweek.

53. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

54. During the relevant time period, Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week. For example, prior to his injury on December 16, 2024, Plaintiff regularly worked 10- to 12-hour shifts during his initial training period. His manager at that time, Roderick Freeman, would edit time records, and Plaintiff received separate checks to cover unpaid overtime; however, the overtime was not properly compensated during that period. Following his injury on December 16, 2024, Plaintiff continued working under the same schedule for approximately six weeks. Thereafter, he began working 16–17 hours per day, but his second manager, Mark, explicitly prohibited him from clocking out after the 14th hour. As a result, Plaintiff routinely performed off-the-clock overtime work beyond the 14th hour, including tasks such as unloading trucks, completing paperwork, and finishing assigned routes. Additionally, Plaintiff was not properly compensated at the correct rate for the overtime hours he worked up to the 14th hour.

55. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other Class Members.

56. Defendants' failure to pay Plaintiff and the other Class Members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

57. Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against All Defendants)**

58. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

59. At all relevant times, the relevant IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other Class Members' employment by Defendants.

60. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

61. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

62. At all relevant times, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than

twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

63. During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

64. During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time in excess of ten (10) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes. For instance, Mr. Royal regularly worked 10- to 12-hour shifts prior to his injury on December 16, 2024, continued working similar hours for approximately six weeks after the injury, and then began working 16- to 17-hour shifts. During these periods, he frequently missed his first, second, and third meal breaks due to workload, chronic understaffing, and the need to travel from the warehouse to various store locations and between stores. In these instances, management often manipulated the time records to make the meal periods appear compliant by adjusting the recorded meal times. On average, Mr. Royal missed at least 3 to 5 meal periods per week. Additionally, his meal breaks were regularly interrupted by supervisors or cut short due to pressure to complete work assignments. When he did not clock out for a meal period, he submitted missed punch forms; however, supervisors adjusted the recorded times to give the appearance of compliance, despite unclear or inconsistent tracking.

65. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other Class Members to miss their meal periods and to take meal periods that were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class Members the full meal period premium for missed, shortened, late, or interrupted meal periods.

66. During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full meal period premiums due pursuant to California Labor Code section 226.7.

67. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

68. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against All Defendants)**

69. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

70. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff and the other Class Members' employment by Defendants.

71. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

72. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3.5) hours."

73. During the relevant time period, Defendants required Plaintiff and other Class Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. For instance, Mr. Royal regularly worked 10- to 12-hour shifts prior to his injury on December 16, 2024, continued working similar hours for

approximately six weeks after the injury, and then began working 16- to 17-hour shifts. Plaintiff did not have his rest periods during all his different shifts because company never communicated any rest break policy, breaks were not provided during the initial training period, and due to the demanding nature of the job and consistently being too busy to step away.

74. During the relevant time period, Defendants willfully required Plaintiff and the other Class Members to work during rest periods, failed to allow Plaintiff and the other Class Members to take any rest period, and/or failed to authorize and permit Plaintiff and the other Class Members to take uninterrupted, duty-free rest breaks.

75. During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due pursuant to California Labor Code section 226.7 for work performed during rest periods, and/or for failure to authorize and permit Plaintiff and other Class Members from taking uninterrupted rest periods.

76. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

77. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against All Defendants)**

78. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

79. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees and the payment of a lesser wage than the minimum so fixed is unlawful.

80. During the relevant time period, Defendants regularly failed to pay minimum wage

to Plaintiff and the other Class Members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1. For example, prior to his injury on December 16, 2024, Plaintiff regularly worked 10- to 12-hour shifts during his initial training period. His manager at that time, Roderick Freeman, would edit time records, and Plaintiff received separate checks to cover unpaid overtime; however, the actual time worked was not properly compensated during that period. Following his injury on December 16, 2024, Plaintiff continued working under the same schedule for approximately six weeks. Thereafter, he began working 16–17 hours per day, but his second manager, Mark, explicitly prohibited him from clocking out after the 14th hour. As a result, Plaintiff routinely performed off-the-clock work beyond the 14th hour, including tasks such as unloading trucks, completing paperwork, and finishing assigned routes.

81. Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82. Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201, 202, 203)**

**(Against All Defendants)**

83. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

84. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later seventy-two (72) hours thereafter, unless the

employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85. During the relevant time period, the employment of Plaintiff and many other Class Members with Defendants ended, *i.e.*, was terminated by quitting or discharge. Defendants intentionally and willfully failed to pay Plaintiff and other Class Members who are no longer employed by Defendants all of their wages, earned and unpaid, including but not limited to minimum wages, straight time wages, overtime wages, within seventy-two (72) hours of their leaving Defendants' employ.

86. Defendants' failure to pay Plaintiff and other Class Members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, violates California Labor Code sections 201 and 202.

87. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

88. Plaintiff and other Class Members who are no longer employed by Defendants are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**<u>SIXTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 204 and 210)**

**(Against All Defendants)**

89. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above

90. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

91. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

92. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

93. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and other Class Members all wages due to them, within any time period permissible under California Labor Code section 204.

94. Plaintiff and other Class Members are entitled to recover all available remedies for Defendant's violations of California Labor Code section 204, including statutory penalties pursuant to Labor Code section 210(b).

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against All Defendants)**

95. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

96. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours

worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97. Defendants have intentionally and willfully failed to provide Plaintiff and the Class with complete and accurate wage statements. The deficiencies include, but are not limited to, the failure to list the total number of hours worked, the actual gross wages earned, the correct rates of pay, all applicable hourly rates, and the correct legal entity's name and address, among other things.

98. Because Defendants violated California Labor Code section 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

99. More specifically, Plaintiff and the Class have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive and their protected interest in receiving accurate and itemized wage statements pursuant to California Labor Code section 226(a).

100. Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

101. Plaintiff and the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against All Defendants)**

102. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

103. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct

consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

104. Plaintiff and the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. For instance, Plaintiff used his personal cell phone for work-related communications with supervisors, who reached him through his personal cell phone. Defendants' failure to reimburse for all necessary business-related expenses and costs included their failure to reimburse Plaintiff and the Class for costs incurred as a result of, including but not limited to, simple negligence.

105. Defendants have intentionally and willfully failed to reimburse Plaintiff and the Class for all necessary business-related expenses and costs. Plaintiff and the Class are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**<u>NINTH CAUSE OF ACTION</u>**

**(Violation of Cal. Business & Professions Code §§ 17200, *et seq*.)**

**(Against All Defendants)**

106. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

107. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and the Class, to the general public, and to Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

108. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

109. A violation of California Business & Professions Code section 17200, *et seq*. may be predicated on the violation of any state or federal law. Here, Defendants' policies and practices

of requiring employees, including Plaintiff and the Class, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the Class violate California Labor Code sections 201, 202, 203, and 204.

110. Defendants also violated California Labor Code sections 221, 226(a), 1194, 1197, 1197.1, 510, 1174(d), 2800, 2802.

111. As a result of Defendants' violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

112. Plaintiff and the Class have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

113. Pursuant to California Business & Professions Code sections 17200, *et seq*., Plaintiff and the Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants immediately provide Class Counsel the names and most current/last known contact information (address, email, and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and other Class Members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the Class;

11. That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7;

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the Class;

18. That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7;

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the Class;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the Class in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other Class Members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and other Class Members who have left Defendants' employ;

33. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the Class;

36. For statutory penalties pursuant to California Labor Code section 210;

37. For such other and further relief as the Court deems just and proper.

**As to the Seventh Cause of Action**

38. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the Class, and willfully failed to provide accurate itemized wage statements thereto;

39. For actual, consequential, and incidental losses and damages, according to proof;

40. For statutory penalties pursuant to California Labor Code section 226(e); and

41. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

42. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the Class for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

43. For actual, consequential, and incidental losses and damages, according to proof;

44. For the imposition of civil penalties and/or statutory penalties;

45. For reasonable attorneys' fees and costs of suit incurred herein; and

46. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

47. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq*. by failing to provide Plaintiff and the Class all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the Class, failing to pay at least minimum wages to Plaintiff and the Class, failing to pay Plaintiff's and other Class Members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800, and 2802;

48. For restitution of unpaid wages to Plaintiff and the Class and all pre-judgment interest from the day such amounts were due and payable;

49. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq*.;

50. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

51. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq*.; and

52. For such other and further relief as the Court may deem just and proper.

Dated: August 19, 2025

**PROTECTION LAW GROUP, LLP**

By: ______________________________

Peter Horton
Shadi Sahebghalam
Pavel Rukavishnikov
*Attorneys for* Plaintiff
MARQUAISES ROYAL

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury as to all causes of action.

Dated: August 19, 2025

**PROTECTION LAW GROUP, LLP**

By: ______________________________

Peter J. Horton
Shadi Sahebghalam
Pavel Rukavishnikov
*Attorneys for* Plaintiff
MARQUAISES ROYAL